UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAYNER MANUEL ALARCON RODRIGUEZ,<br><br>　　　　Defendant. | 2:20-CR-194-JAD-DJA<br><br>**Preliminary Order of Forfeiture** |

　　　　This Court finds Dayner Manuel Alarcon Rodriguez pled guilty to Counts One, Two, and Seven of a Ten-Count Criminal Indictment charging him in Count One with conspiracy to commit access device fraud in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1029(a)(2) and (a)(3); in Count Two with use of unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2); and in Count Seven with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) with 1028A(c)(4). Criminal Indictment, ECF No. 1; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

　　　　This Court finds Danyer Manuel Alarcon Rodriguez agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment. Criminal Indictment, ECF No. 1; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

　　　　This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (b)(2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegation of the Criminal Indictment and the offenses to which Dayner Manuel Alarcon Rodriguez pled guilty.

The following property is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), and 1028A(a)(1) with 1028A(c)(4), or 18 U.S.C. § 371, conspiracy to commit such offenses; (2) any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of violations of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), and 1028A(a)(1) with 1028A(c)(4), or 18 U.S.C. § 371, conspiracy to commit such offenses; or (3) any personal property used or intended to be used to commit the violation of 18 U.S.C. §§ 1029(a)(2), 1029(a)(3), and 1028A(a)(1) with 1028A(c)(4) and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(2)(B); and 18 U.S.C. § 1029(c)(1)(C) with 1029(c)(2):

1. Any and all skimming devices including, but not limited to:
   a. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-1;
   b. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-2;
   c. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-4;
   d. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-5;
   e. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-6;
   f. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-7;
   g. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-8;
   h. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-9;

///

i. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201810192049-10;

j. GOOUUU Tech Skimmer, Model 10T-GA6-B, Serial Number GPRS201903091509;

k. Multiple GOOUUU Tech Skimmers, Model 10T-GA6-B, Unknown Serial Number;

l. GOOUUU Tech Skimmer, Unknown Model, Unknown Serial Number;

m. Roving Skimmer, Unknown Model, Serial Number 00:06:66:D4:26:87;

n. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E3:DC:EF;

o. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E3:DC:FE;

p. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E4:00:3B;

q. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E4:02:56;

r. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E4:02:57;

s. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E4:02:58;

t. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E4:02:92;

u. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E4:02:96;

v. Roving Skimmer, Unknown Model, Serial Number 00:06:66:E7:B6:6F;

w. Roving Skimmer, Unknown Model, Serial Number 00:06:66:EC:03:09;

x. Roving Skimmer, Unknown Model, Serial Number 00:06:66:EC:05:02;

y. Roving Skimmer, Unknown Model, Serial Number 00:06:66:EC:25:FE;

z. Roving Skimmer, Unknown Model, Serial Number 00:06:66:EC:26:06;

aa. Roving Skimmer, Unknown Model, Serial Number 00:06:66:EC:26:8F;

bb. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:71:DC;

cc. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:7B:5E;

dd. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:7B:8B;

ee. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:7BF;

ff. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:7B86;

gg. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:7E:D9;

      hh. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:8C:DA;

      ii.  Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:8C:F9;

      jj.  Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:94:56;

      kk. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:94:94;

      ll.  Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:94:95;

      mm. Roving Skimmer, Unknown Model, Serial Number 00:06:66:F0:94:97

      nn. Multiple Roving Skimmers, Model RN42 BT, Unknown serial numbers;

      oo. Multiple Roving Skimmers, Unknown Model, Unknown serial numbers;

      pp. Unknown Type Skimmer, Unknown Model, Serial Number 00:06:66:F0:94:54;

      qq. Unknown Type Skimmer, Unknown Model, Serial Number RNBT04E0;

      rr.  Unknown Type Skimmer, Unknown Model, Serial Number RNBT04E1;

      ss.  Unknown Type Skimmer, Unknown Model, Serial Number RNBT04E2;

      tt.  Unknown Type Skimmer, Unknown Model, Serial Number RNBT64BC;

      uu. Unknown Type Skimmer, Unknown Model, Serial Number RNBT9864;

      vv. Unknown Type Skimmer, Unknown Model, Serial Number RNBT9AB3;

      ww. Unknown Type Skimmer, Unknown Model, Serial Number RNBTA300;

      xx. Unknown Type Skimmer, Unknown Model, Serial Number RNBTA340;

      yy. Unknown Type Skimmer, Unknown Model, Serial Number RNBTA342;

      zz. Unknown Type Skimmer with R Logo, Unknown Model, Unknown Serial Number; and

      aaa.  Multiple Unknown Type Skimmers, Unknown Model, Unknown Serial Numbers

(all of which constitutes property).

      This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property pursuant to Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Dayner Manuel Alarcon Rodriguez in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2). In the alternative, if the value of the property is less than $1,000, the government may instead serve every person reasonably identified as a potential claimant in lieu of publication pursuant to Fed. R. Crim. P. 32.2(b)(6)(C) with Fed. R. Civ. P. Supp. Rule G(4)(a)(i)(A).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21 U.S.C. § 853(n)(3) and 28 U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas,

Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

> Daniel D. Hollingsworth
> Assistant United States Attorney
> James A. Blum
> Assistant United States Attorney
> 501 Las Vegas Boulevard South, Suite 1100
> Las Vegas, Nevada 89101.

   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

   DATED: June 14, 2021.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE