# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Dayner Manuel Alarcon Rodriguez,<br><br>    Defendant | Case No.: 2:20-cr-00194-JAD-DJA-3<br><br>**Order Denying Motion to Reduce Sentence**<br><br>[ECF No. 214] |

   Defendant Dayner Manuel Alarcon Rodriguez is roughly 23 months into serving his 61-month sentence for identity theft and device fraud. He now moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. His counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility, disagreeing with Rodriguez's pro se calculations. Because Rodriguez does not qualify for an adjustment to his criminal-history points or his offense level, I deny his motion.

## Discussion

   A court may reduce a defendant's sentence if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them

---

[1] 18 U.S.C. § 3582(c)(2).

retroactively beginning in February 2024.[2] Under the newly amended § 4A1.1, a defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[3] Under the newly amended § 4C1.1, a defendant with zero criminal-history points whose offense did not involve specific aggravating factors may receive a two-level decrease in his offense level.[4] Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[5]

Rodriguez contends that he is eligible for a sentence reduction under § 4A1.1.[6] His counsel disagrees and asserts that he doesn't qualify.[7] Rodriguez was sentenced with zero criminal-history points, so it's impossible to reduce his status points any further under § 4A1.1.[8] He similarly does not qualify for an adjustment under § 4C1.1's zero-point offender amendment. Rodriguez installed card skimmers at gas stations that stole data encoded on the magnetic strips of credit and debit cards, causing substantial financial hardship to an alarming number of

---

[2] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).
[3] *Id*. at 60535.
[4] *Id*.
[5] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.
[6] ECF No. 214.
[7] ECF No. 219.
[8] Presentence Investigation Report at 13.

victims.[9]  This offense is considered an aggravating factor sufficient to disqualify him from an adjustment under § 4C1.1.[10]

## Conclusion

IT IS THEREFORE ORDERED that Dayner Manuel Alarcon Rodrieguez's motion for a sentence reduction under Amendment 821 **[ECF No. 214] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
January 9, 2024

---

[9] *Id.* at 7.

[10] U.S. Sent'g Guidelines Manual ch. 4, pt. C, Adjustments for Certain Zero-Point Offenders (U.S. Sent'g Comm'n 2023).

3